NO. 07-11-00053-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 19, 2011

———————————————

GERALDO CORRAL, A/K/A RODNEY SERNA, A/K/A
ALFRED HERNANDEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————

FROM THE 69TH DISTRICT COURT OF SHERMAN COUNTY;

NO. 878; HONORABLE RON ENNS, JUDGE

———————————————

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Geraldo Corral was convicted of two counts of aggravated sexual assault of a child and two counts of indecency with a child. Through his retained counsel, appellant filed notice of appeal and an affidavit of inability to pay for the appellate record. After an April 2011 hearing, the trial court found appellant was entitled to a free reporter's record.[1] Tex. R. App. P. 20.2. The clerk's record and reporter's record were filed. After we granted two extensions of time to file appellant's brief, his

---

[1] According to the reporter's record of the April 2011 hearing, appellant's family paid his attorney's fee.

retained counsel moved to withdraw from representation, stating the record contains no non-frivolous ground for appeal. We granted the motion and notified appellant his brief is due October 24, 2011.

On September 6, appellant filed two hand-written letters. The thrust of the letters' content is a request for legal assistance with his appeal. Based on this record, it appears unlikely appellant's brief will be timely filed, making it necessary we remand the case for a hearing. Tex. R. App. P. 38.8(b). It also appears from the record that appellant may be indigent and entitled to appointed counsel on appeal. But this too is a determination for the trial court. Tex. Code Crim. Proc. Ann. art 1.051(d)(1) (West Supp. 2010). In this circumstance, and to expedite the appeal, we abate the appeal and remand the cause to the 69th District Court of Sherman County for further proceedings. Tex. R. App. P. 2. On remand, the trial court shall use whatever means it finds necessary, which may include noticing and conducting a hearing, to determine 1) whether appellant desires to prosecute this appeal and 2) whether appellant is indigent and entitled to appointed counsel. The trial court shall execute pertinent findings and recommendations on these matters. Tex. R. App. P. 38.8(b)(3).

If the court finds appellant desires to pursue the appeal and is indigent, the court shall appoint counsel to represent appellant's interest on appeal. In that event, the court shall cause the name, address, telephone number, fax number, and state bar number of the new attorney to be provided to this court.

The trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings and recommendations and 2) a reporter's record transcribing the

evidence and argument presented at any hearing held.  The supplemental clerk's record and reporter's record, if any, shall be filed by the trial court with the clerk of this court on or before October 24, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before October 24, 2011.

Unless extended on motion, appellant's brief shall be due November 14, 2011.

It is so ordered.

Per Curiam

Do not publish.